```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|                            |   |                                |
|----------------------------|---|--------------------------------|
| LEVON BELAMY,              | : | CIVIL ACTION NO. 04-1536 (MLC) |
|           Plaintiff,       | : | **MEMORANDUM OPINION**         |
|           v.               | : |                                |
| JUSTIN J. DINTINO, et al., | : |                                |
|           Defendants.      | : |                                |

**THE COURT** issuing an order to show cause why the amended complaint should not be dismissed (1) in its entirety for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure ("Rule") 41(b), or (2) as to the defendants Justin J. Dintino and John Villamil for failure to comply with Rule 4(m) (dkt. entry no. 12); and the action having been pending for more than 120 days without the plaintiff taking any proceedings; and the Court advising the plaintiff that the Court intended to dismiss the amended complaint unless good cause was shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, No. 03-1986, 2004 WL 628867, at *3 n.3 (3d Cir. Mar. 30, 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

**IT APPEARING** alternatively that the plaintiff had failed to serve (1) Dintino within 120 days after filing the complaint, and

(2) Villamil within 120 days after filing the amended complaint naming Villamil as a defendant for the first time;[1] and the Court advising the plaintiff that the Court intended to dismiss the amended complaint as to Dintino and Villamil unless the plaintiff (1) showed good cause for this failure or (2) established that service was effected on them within the relevant 120-day period, see Fed.R.Civ.P. 4(m);[2] and the Court, as required, having notified the plaintiff of the intention to dismiss this part of the amended complaint on this ground, see Liu v. Oriental Buffet, No. 04-2850, 2005 WL 1394939, at *2 (3d Cir. June 14, 2005); and

**THE PLAINTIFF** failing to respond to the Court's inquiry by the deadline of October 24, 2005 (Order to Show Cause, at 3); and the Court waiting an additional week to allow for a late response, and receiving no response; and thus the Court intending to dismiss the amended complaint in its entirety; and for good cause appearing, the Court will issue an appropriate order and judgment.

>    s/ Mary L. Cooper
>    **MARY L. COOPER**
>    United States District Judge

---

[1] The defendant Joseph Fuentes admitted to being served. (See 8-4-04 Def. Br., at 3.)

[2] The plaintiff admitted on September 21, 2004, that he had yet to serve Dintino because "he has retired and Plaintiff has been unable to locate him." (9-21-04 Pl. Br., at 1.)